UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYL THERESE PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-0859** |
| **GARY W. BIZAL** | **SECTION: "H" (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Gayl Therese Payton filed the above-captioned matter in this Court in asserting a claim for legal malpractice against her former attorney, Gary Bizal.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right Ms. Payton may have to file her complaint in state court. It is further RECOMMENDED that her Motion for Leave to Amend (Rec. Doc. 7) be DENIED as futile.

### Background

Ms. Payton alleges she retained Mr. Bizal on May 16, 2013, to pursue her civil rights case. The civil rights case arises out of a February 27, 2012, incident when Ms. Payton alleges she was assaulted by Jefferson Parish deputies, resulting in physical injuries to her arm and neck.[1] She complains that Mr. Bizal did not include the actions of two of the deputies in the complaint, that he never let her see the complaint, and that he did not give her a complete copy of her file when

---

[1] Ms. Payton alleges that when she arrived at her daughter's home to pick up her children, she saw the children's father and approached him about belongings he had taken from the house the day before. Someone grabbed her from the back and dragged her to the ground, and when she reached for her phone that was on the ground next to her, someone grabbed it. She discovered later that it was a Jefferson Parish deputy. She alleges someone put a gun to her face and then another man pulled out his taser. She was again snatched from behind by the man who had pulled out the gun and when they fell to the ground he put his knee on her neck. Her daughter ran towards them and the man pulled out his billy club and began to beat her daughter until she was unconscious. Ms. Payton alleges that she was then put in handcuffs and put into a police car without being given her rights.

she requested it. She also alleges that when she appeared in court for a charge of interfering with police, Mr. Bizal was there although she asserts she did not need an attorney. She alleges that he told her the judge would take the side of the deputies and that she should take an Alford plea. She asserts that her action has been brought "pursuant to 42 U.S.C. §1981 Breach of Contract, 6[th] Amendment Right to Counsel, Legal Malpractice."

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. Ms. Payton was ordered to show cause in writing why her lawsuit should not be dismissed for lack of subject matter jurisdiction.

In her first response to this Court's order, she reiterates many of the same facts as alleged in her Complaint. She adds that Mr. Bizal never advised her of the court date and that had Mr. Bizal not been in court with her on the charge of interfering with police, she would not have entered an Alford plea.

Ms. Payton submitted a second response in which she identifies the civil rights action where Mr. Bizal represented her as Case Number 17-10420 in the Eastern District of Louisiana. She submits that the court dismissed her complaint because Mr. Bizal "continued to address the court with lies." She cites statements made by Mr. Bizal in pleadings filed on her behalf and argues that they are false. She cites facts that she says Mr. Bizal refused to include. She argues that this shows his incompetence and the existence of an improper conflict of interests. She also alleges that he may have breached his duty of confidentiality.

Finally, Ms. Payton has sought leave to amend her complaint. (Rec. Doc. 7). The allegations and causes of action invoked in the proposed pleading are identical to those in the original complaint.

## Law and Analysis

1. *§1915 Screening and Subject Matter Jurisdiction*

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new). Thus, 28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> 
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

3

Whatever the merits of Ms. Payton's claims against Mr. Bizal may be, this court cannot consider them because it lacks subject matter jurisdiction over her claims. Ms. Payton invokes this court's federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. However, on the face of the complaint and considering the facts alleged in her response to this court's show cause order, there is no federal question jurisdiction. Ms. Payton alleges a claim under 42 U.S.C. § 1981. This statute "prohibits racial discrimination in the making and enforcement of private contracts." Runyon v. McCrary, 427 U.S. 160, 168 (1976). Although Ms. Payton's claim concerns a contract for legal representation, she does not allege any facts that could give rise to a claim of racial discrimination. A breach of contract action is a state law claim, not a federal claim.

Ms. Payton also purports to allege a claim under the Sixth Amendment of the United States Constitution. The Sixth Amendment guarantees a defendant in a criminal prosecution the assistance of counsel. U.S. Const. Amend. VI. "But the Sixth Amendment does not govern civil cases." Turner v. Rogers, 564 U.S. 431, 441 (2011). Ms. Payton challenges Mr. Bizal's handling of her civil rights case arising out of the alleged assault by Jefferson Parish deputies. This is not a criminal matter giving rise to a Sixth Amendment right to counsel. Even if plaintiff is challenging Bizal's involvement with her criminal case, she has no federal cause of action against him. Although 42 U.S.C. §1983 can be used to vindicate constitutional rights, Mr. Bizal was not a state actor or acting under color of law as required to state a cause of action under §1983. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) ("[Plaitniff's] claims against [defense counsel] for ineffective assistance is not cognizable in this section 1983 action because his attorney is not a state actor.").

The final cause of action asserted by Ms. Payton is legal malpractice. This is a state law claim, not a federal cause of action. There appears to be no basis for the Court to assert federal question jurisdiction over plaintiff's lawsuit.

This court does have jurisdiction to consider state law claims if the requirements of 28 U.S.C. § 1332 have been met.[2] However, the requirements have not been met here. In order for a federal court to exercise diversity jurisdiction under § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988); Aetna Cas. & Surety Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Getty Oil, 841 F.2d at 1259; see McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" McGovern, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also* Powell v. Abney, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson, 808 F.2d 357, 357 (5th Cir.1986); McGovern, 511 F.2d at 654.

Ms. Payton alleges that at this time and at the time of the incident, she resides locally. She alleges that Mr. Bizal is a local attorney and has provided his New Orleans address at the time of

---

[2] The court also has jurisdiction to consider state law claims under 28 U.S.C. §1367 when they are so related to claims within the same cause of action that are within the court's original jurisdiction. As discussed herein, there appears to be no basis for this court to assert original jurisdiction over the causes of action alleged.

the incident and presently. Thus, the plaintiff and the defendant are both citizens of Louisiana. This prevents the Court from asserting diversity jurisdiction over the matter.

Because this court lacks submit matter jurisdiction over Ms. Payton's claims, her Complaint should be dismissed.

2. *Amendment of Pleadings*

"It is within the district court's discretion to deny a motion to amend if it is futile." <u>Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863, 872–73 (5th Cir. 2000). Here, the proposed pleading is identical to the original pleading. As discussed above, the court lacks subject matter jurisdiction over the claims that Ms. Payton is attempting to assert. Accordingly, the Motion for Leave to Amend should be denied.

## Conclusion

For the foregoing reasons, Ms. Payton's complaint fails to establish this Court's subject-matter jurisdiction and her proposed amended pleading would be futile. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right Ms. Payton may have to file her complaint in state court. IT IS FURTHER RECOMMENDED that Ms. Payton's Motion for Leave to Amend (Rec. Doc. 7) be DENIED as futile.

## **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 21st day of September, 2021.

                                                  */s/ Janis van Meerveld*
                                               Janis van Meerveld
                                     United States Magistrate Judge